United States District Court
Southern District of Texas
**ENTERED**
November 13, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**MCALLEN DIVISION**

| | | |
|---|---|---|
| **LIVAN MACHADO GONZALEZ,** *Plaintiff,* | § § | |
| **v.** | § § | **Civil Action No. 7:26-cv-00424** |
| **U.S. CITIZENSHIP AND IMMIGRATION SERVICES,** ***et al.***, *Defendants,* | § § § § | |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendants' Motion to Dismiss. (Dkt. No. 5). Plaintiff has failed to respond to the Motion, and as such, the Motion will be treated as unopposed. *See* L.R. 7.4 ("Failure to respond to a motion will be taken as a representation of no opposition."). Plaintiff brings this action against Defendants U.S. Customs and Immigration Services ("USCIS"), Director of USCIS Joseph B. Edlow, Secretary of Homeland Security Markwayne Mullin, U.S. Attorney General Todd Blanche, and Director of the National Benefits Center Rose M. Kendrick (collectively, "Defendants" or the "Government"). Having considered the Motion and the applicable law, the Court is of the opinion that the Motion should be and is hereby **GRANTED**.

## I. BACKGROUND[1]

Plaintiff, a native of Cuba who entered the United States on or about March 31, 2021, after inspection and parole, challenges the speed at which his Form I-485

---

[1] The court accepts all well-pleaded facts in the Complaint, (Dkt. No. 1), as true and views them in the light most favorable to the plaintiff. *See Sonnier v. State Farm Mut. Auto Ins.*, 509 F.3d 673, 675 (5th Cir. 2007).

adjustment application under the Cuban Adjustment Act ("CAA"), Pub. L. No. 89–732, 80 Stat. 1161 (1966), is being processed by USCIS. Compl. ¶¶ 11, 29–32. Plaintiff filed this suit on September 14, 2026, alleging that, although he filed his I-485 application on April 28, 2022, USCIS has not yet adjudicated his application. *Id.* ¶ 41. Plaintiff now sues under the Administrative Procedure Act ("APA") and the Mandamus Act to compel USCIS to adjudicate Plaintiff's application. (Dkt. No. 1). Defendants move to dismiss the APA and Mandamus Act claims under Rule 12(b)(1) and Rule 12(b)(6). (Dkt. No. 5) (the "Motion").

## II. LEGAL STANDARD

Rule 12(b)(1) of the Federal Rules of Civil Procedure permits a defendant to move to dismiss for "lack of subject-matter jurisdiction." When considering a motion to dismiss under Rule 12(b)(1), a court must "accept the complaint's well-pleaded factual allegations as true." *Carver v. Atwood*, 18 F.4th 494, 496 (5th Cir. 2021). Dismissal for lack of subject-matter jurisdiction is appropriate when the plaintiff does not "plausibly allege all jurisdictional elements." *Brownback v. King*, 592 U.S. 209, 217 (2021); *Ghedi v. Mayorkas*, 16 F.4th 456, 463 (5th Cir. 2021). "For a 12(b)(1) motion, the general burden is on the party asserting jurisdiction." *Dickson v. United States*, 11 F.4th 308, 312 (5th Cir. 2021).

## III. ANALYSIS

The Government's motion to dismiss challenges both this Court's jurisdiction to grant relief and the merits of Plaintiff's claims under the APA, 5 U.S.C. §§ 555(b) and 706, and the Mandamus Act, 28 U.S.C. § 1361. Mot. at 1–2.[2] Because the Court agrees that it

[2] The Court's citations to the parties' pleadings use the pagination in the court electronic docketing system.

lacks subject-matter jurisdiction, it does not reach the merits of Plaintiff's claims.

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). District courts "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). A federal court has a duty to examine, at any time during a proceeding, the threshold question of whether it has subject-matter jurisdiction. *See Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level."); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) ("[A] federal court may raise subject matter jurisdiction *sua sponte*."); FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

The APA, 5 U.S.C. § 701 *et seq.*, "sets forth the full extent of judicial authority to review executive agency action for procedural correctness." *Fed. Commc'ns Comm'n v. Fox Television Stations, Inc.*, 556 U.S. 502, 513 (2009). The APA requires courts to "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1). However, "the only agency action that can be compelled under the APA is action legally *required* . . . Thus, a claim under § 706(1) can proceed only where a plaintiff asserts that an agency failed to take a *discrete* agency action that it is *required to take*." *Norton v. S. Utah Wilderness Alliance*, 542 U.S. 55, 63–64 (2004) (emphasis in original).

The Mandamus Act also provides subject-matter jurisdiction to "compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. But to be granted a writ of mandamus, "a plaintiff must show a clear right to the relief sought, a clear duty by the defendant to do the particular act, and that no other adequate remedy is available." *Neville v. Lipnic*, 778 F. App'x 280, 284 (5th Cir. 2019) (quoting *U.S. v. O'Neil*, 767 F.2d 1111, 1112 (5th Cir. 1985)). Thus, as with § 706(1) of the APA, a plaintiff may only obtain mandamus relief "to compel performance of a 'clear nondiscretionary duty.'" *Pittson Coal Grp. v. Sebben*, 488 U.S. 105, 121 (1988) (quoting *Heckler v. Ringer*, 466 U.S. 602, 616 (1984)); *see also Neville*, 778 F. App'x at 284 ("mandamus is not available to review discretionary acts of agency officials.").

Although there is a "presumption favoring judicial review of administrative action," *Guerrero-Lasprilla v. Barr*, 589 U.S. 221, 229 (2020), the APA does not apply and therefore does not provide a basis for subject-matter jurisdiction under the federal question statute, where (1) a "statute[] preclude[s] judicial review" or (2) "agency action is committed to agency discretion by law." 5 U.S.C. § 701(a). This Court lacks subject-matter jurisdiction over Plaintiff's claims for two separate reasons.

First, the Immigration and Nationality Act ("INA") strips this Court of jurisdiction over discretionary decisions made by the Attorney General or the Secretary of Homeland Security.[3] *See* 8 U.S.C. §§ 1151–1378. The INA expressly commits the decision to grant or

[3] Although Defendants did not rely on the INA's jurisdiction stripping language in their motion, the Court has "an independent obligation" to assure itself of its subject-matter jurisdiction. *MidCap Media Fin. L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 313 (5th Cir. 2019). Therefore, the Court must determine whether review is precluded by the INA's plain language.

deny an adjustment of status to the sole discretion of the Attorney General by statute. *See* 8 U.S.C. § 1252(a)(2)(B)(ii) ("[N]o court shall have jurisdiction to review . . . any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security, other than the granting of relief under section 1158(a) of this title."). The plain text of the INA expressly precludes this Court from reviewing discretionary actions of USCIS, such as the pace of the adjustment process, and deprives it of subject-matter jurisdiction over Plaintiff's claim.

Second, even if the INA did not expressly preclude judicial review, the APA does not grant jurisdiction for "agency action committed to agency discretion by law." 5 U.S.C. § 701(a)(2). "For this Court to have jurisdiction, it must find that Defendants have a non-discretionary duty as to the pace of adjudicating Plaintiff's Petition." *Hasan v. Wolf*, 550 F. Supp. 3d 1342, 1346 (N.D. Ga. 2021).

Plaintiff's adjustment application was filed with USCIS under the CAA, Pub. L. No. 89–732, 80 Stat. 1161 (1966). The CAA was codified as a historic note to 8 U.S.C. § 1255, which allows the Attorney General, "*in his discretion* and under such regulations as he may prescribe," to adjust an alien's status to that of a lawful permanent resident if "(1) the alien makes an application for such adjustment, (2) the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence, and (3) an immigrant visa is immediately available to him at the time his application is filed." *Id.* (emphasis added).

The Fifth Circuit has held that "the pace of USCIS's adjudication is left to its

discretion, with 'no clear mandate' requiring USCIS to act within a certain timeframe." *Cheejati v. Blinken*, 106 F.4th 388, 394 (5th Cir. 2024) (quoting *Li v. Jaddou*, No. 22-50756, 2023 WL 3431237, at *1 (5th Cir. May 12, 2023) (per curiam)). Therefore, in this Circuit, "the discrete acts undertaken to render an adjustment decision and the timing of those acts are determined by the Attorney General in his discretion, and that discretionary action cannot be reviewed by federal courts." *Id.* (citing 8 U.S.C. §§ 1252(a)(2)(B)(ii), 1255).

Because the CAA clearly commits broad discretion to the Attorney General in the adjustment process, including the pace at which that process is undertaken, the APA does not permit judicial review in this instance. Similarly, because the pace of USCIS's adjudication is discretionary, this Court also lacks jurisdiction under the Mandamus Act. *See Sebben*, 488 U.S. at 121.

## IV. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss, (Dkt. No. 5), is **GRANTED**. It is therefore **ORDERED** that Plaintiff's Petition for Declaratory Relief Through Writ of Mandamus, (Dkt. No. 1), is hereby **DISMISSED**.

It is **SO ORDERED**.

SIGNED on November 13, 2026.

**JOHN G.E. MARCK**
**UNITED STATES DISTRICT JUDGE**